UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD GRANDI<br><br>          Plaintiff,<br><br>     v.<br><br><br>MAIN LINE FUEL SERVICE, INC.<br><br>          Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-4765<br>          (JEI/JS)<br><br>**MEMORANDUM ORDER DENYING<br>MOTION FOR DEFAULT JUDGMENT<br>          (Docket #5)** |

**APPEARANCES:**

LAW OFFICES OF KEVIN M. COSTELLO, P.C.
By:  Kevin M. Costello, Esq.
     Deborah L. Mains, Esq.
2090 Route 70 East
Cherry Hill, NJ 08003
     Counsel for Plaintiff

**IRENAS**, Senior District Judge:

   This matter having appeared before the Court upon Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55, the Court having reviewed the motion, and it appearing that:

   1.  Plaintiff Ronald Grandi ("Plaintiff") initiated this action via a two count Complaint against Defendant Main Line Fuel Service, Inc. ("Defendant"), alleging violations of the Fair Labor Standards Act and the Portal to Portal Act.[1]

---

[1] According to the Complaint, Plaintiff brought this action both individually and on behalf of all others similarly situated. However, the current motion seeks only a judgment in favor of

1

2.   As Defendant in this case is an incorporated entity, Fed. R. Civ. P. 4(h) provides the governing standards for service of process.  Pursuant to Fed. R. Civ. P. 4(h), a corporation served with process in a judicial district of the United States must be served either: (1) "in the manner prescribed by [Fed. R. Civ. P.] 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"[2]

3.   Fed. R. Civ. P. 4(e)(1) permits service on a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Here, the action was brought in a district court located in the state of New Jersey, and service was attempted in New Jersey.  Hence, Fed. R. Civ. P. 4(e)(1) directs the Court to look to New Jersey standards for service of process upon a corporation.

4.   Under New Jersey Rule of Court 4:4-4(a)(6), service of

---

Plaintiff individually.

[2] Service is not required to be accomplished in this fashion if "federal law provides otherwise or the defendant's waiver has been filed[.]"  Fed. R. Civ. P. 4(h).  Plaintiff has not identified any federal law exempting him from the requirements of Fed. R. Civ. P. 4(h), nor is there any indication in the record that Defendant has waived service of process.

process may be made upon a corporation "by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in [New Jersey] in charge thereof . . . ."

5.  In this case, the proof of service submitted by Plaintiff indicates that service was executed by "personally delivering a copy of each to the individual at this place, Main Line Fuel Service Inc. 988 East Commerce St. Bridgeton, NJ[.]" (Dkt. No. 3)  There is no indication on the proof of service as to the identity of "the individual" served.

6.  "It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment."  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Id.* at 700-01.  In the absence of effective service, a party will "not be bound by any judgment rendered."  *Id.* at 701 (citing

*Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).

     7.  In the instant case, the proof of service submitted by Plaintiff does not identify the individual that received the summons and complaint on October 30, 2008.  It follows that the Court cannot determine whether that individual was among the class of persons authorized by Fed. R. Civ. P. 4(h) to receive process on behalf of Defendant.  Therefore, personal jurisdiction over Defendant has not been established, and any judgment the Court might enter would not bind Defendant.

    And for good cause shown;

**IT IS**, on this 20th day of April, 2009,

**ORDERED THAT**

1.  Plaintiff's Motion for Default Judgment is hereby **DENIED WITHOUT PREJUDICE**.

                                                s/ Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**